[No. 9290–1–I.   Division One.   June 1, 1981.]

KING COUNTY, *Respondent,* v. WILLIAM K. BURHEN, ET AL, *Appellants.*

*Evans, Quimby & Hall, Inc., P.S.,* and *Janet E. Quimby,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Thomas H. Wolfendale, Deputy,* for respondent.

ANDERSEN, J.—

### FACTS OF CASE

A property owner, William K. Burhen, appeals an adjudication of public use and necessity in favor of King County. The order was entered in connection with the County's condemnation of a portion of the owner's property to widen a public road.

On December 7, 1978, King County passed an ordinance creating Road Improvement District (RID) No. 76 to construct and improve portions of county roads near Duvall in King County. A public hearing was held prior to enactment of the ordinance and affected property owners were notified of the hearing by mail.

Pursuant to the State Environmental Policy Act of 1971 (SEPA), the King County Department of Public Works in August 1979 issued an environmental checklist and made a negative threshold determination to the effect that the project would have no significant adverse impact on the environment. No appeal was taken from that determination. The County also obtained approval from the State Department of Fisheries to perform hydraulics work in Struve Creek, a stream that flows through a culvert under the existing roadbed.

The property owner, who has property in RID 76, refused to provide the County with an easement to widen the road over his property because he felt that the County's proposed action would result in adverse environmental effects on Struve Creek that runs through his property. He apparently did not, however, inform the appropriate administrative agencies of his environmental concerns nor did he challenge the threshold determination of nonsignificance. The County then initiated this condemnation action.

At the public use and necessity hearing, the property owner alleged that environmental degradation would result from elevating the road and extending the culvert through

which Struve Creek runs. The court ruled that such evidence was irrelevant and refused to consider it.

This appeal presents one issue.

## ISSUE

Is the trial court required to consider evidence of the environmental impact of a proposed condemnation when adjudicating public use and necessity?

## DECISION

CONCLUSION. Administrative proceedings under the State Environmental Policy Act of 1971 (SEPA) cannot be collaterally attacked at a hearing on public use and necessity in a later condemnation case.

■■ Before an order of public use and necessity can be entered, the condemning authority had to establish: (1)) that the proposed use is really a public use; (2) that the public interest requires it; and (3) that the property appropriated is necessary for the proposed use. *See* RCW 8.08.010; *State v. Brannan,* 85 Wn.2d 64, 66, 530 P.2d 322 (1975). A declaration by the appropriate legislative body that the contemplated acquisition is necessary to carry out the proposed use will be deemed conclusive by the courts absent actual fraud or such arbitrary and capricious conduct as would amount to constructive fraud. *State v. Brannan, supra* at 68; *Seattle v. Loutsis Inv. Co.,* 16 Wn. App. 158, 166, 554 P.2d 379 (1976).

■■ In determining if the legislative body's decision was fraudulent or so arbitrary and capricious that it amounted to constructive fraud, the court may consider whether due consideration was given to the environmental impact of the project. *State v. Brannan, supra* at 75. Nevertheless, one who does not raise environmental concerns before the appropriate administrative agency or who does not challenge the agency's determination by a petition for review or certiorari cannot collaterally attack those proceedings at the public use and necessity hearing stage. *See State v. Brannan, supra* at 73–74. *See also United States v. 45,149.58 Acres of Land,* 455 F. Supp. 192 (E.D.N.C.

1978).

The property owner does not allege that notice of the administrative proceedings was deficient or that administrative review of environmental concerns was inadequate. Thus *Brannan* leads us to the conclusion that if the property owner wished to introduce evidence of the environmental impact of the project, he was required to do so at the administrative level and not at the hearing on the application for an order adjudicating public use and necessity. To do so is an impermissible collateral attack upon the prior administrative determination.

The County properly established all elements of its case entitling it to an order of public use and necessity.

Affirmed.

RINGOLD, A.C.J., and DURHAM, J., concur.

Reconsideration denied September 29, 1981.

Review denied by Supreme Court December 3, 1981.